PAUL KELLY, Jr., Circuit Judge,
concurring in part and dissenting in part.
■ While I concur in the court’s conclusion that we have appellate jurisdiction, I dissent from its holding that 29 C.F.R. § 825.111(a)(3) defining the statutory term “worksite” is invalid, as applied to a jointly employed employee with a largely fixed worksite. Declaring invalid a regulation that an agency has been charged with developing is strong medicine and only appropriate when the regulation is “arbitrary, capricious, or manifestly contrary to the statute.” Chevron, U.S.A., Inc. v. NRDC, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Here, the statute never defines “worksite” and the Secretary of Labor is empowered to prescribe rules to implement the FMLA. 29 U.S.C. § 2654. We must defer to the agency’s interpretation if it “is based on a permissible construction of the statute.” Chevron, 467 U.S. at 843, 104 S.Ct. 2778.
The court invalidates the regulation as applied to jointly employed employees with largely fixed worksites as inconsistent with the purpose of the 50/75 provision. Healthcare does not appeal the district court’s decision that Ms. Harbert was jointly employed, but instead contends that *1155 the “worksite” definition is invalid. Aplt. Br. at 9-10. The 50/75 provision excludes an employee from FMLA coverage if the employee “is employed at a worksite at which [the] employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.” 29 U.S.C. § 2611(2)(B)(ii).
Joint employment comes in many forms. But the primary employer generally has control over the reassignment, placement, and hiring and firing of joint employees, not the secondary employer. See 29 C.F.R. § 825.106(c). Thus, an employee’s “worksite” is defined with reference to the employer retaining the most control over the employee, and the employer responsible for providing FMLA leave. Id. The court’s ipse dixit that the Secretary’s definition of the term “worksite” is contrary to common meaning fails to account for the many variations in joint employment relationships, from forever fixed to forever mobile. See Moreau v. Air France, 356 F.3d 942, 946 (9th Cir.2004); 29 C.F.R. 825.106.
The legislative history reflects that the Senate and House obviously were aware of variations in joint employment relationships and directed the Secretary to construe “worksite” in the same manner as the term “single site of employment” under the WARN Act. S.R. Doc. No. 103-3, at 25 (1993); see also H.R. Doc. No. 103-8, pt. 1, at 35 (1993). Though both the legislative history and a WARN Act regulation, 20 C.F.R. § 639.3(i), discuss workers that lack a fixed site of employment, the Secretary’s interpretation that other arrangements are encompassed within the directive to the WARN Act is a permissible and reasonable interpretation. Holding that the WARN Act regulation only applies to employees without a regularly fixed site of employment would seem to contravene the express language of the provision which mentions other categories, including employees who “travel from point to point, who are outstationed, or whose primary duties involve work outside any of the employer’s regular employment sites.” Id.
The. court’s contrast between sole and joint employers (a convenience store chain and a temporary placement agency) as an example resulting in arbitrary differences in treatment.is hardly persuasive. Ct. Op. at 20; but see id. at 28. The court contends that these two employers would be treated differently even though neither has abundant replacements nearby. Unlike the court, I find this distinction favors the validity of the regulation. Basing FMLA eligibility on primary employers prevents confusion and provides certainty, because a temporary placement employee’s coverage could vary daily were he placed in different convenience stores on a rotating basis. Further, contrary to the court’s assertion, the ability of a convenience store and a placement agency to find abundant nearby replacements probably is not identical, after all, the placement agency specializes in hiring and placing employees within the area.
Though the regulation might be more precise were we crafting it, that is not our function. It is a permissible exercise of agency rulemaking. I respectfully dissent.